# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos. CR-23-318-SLP |
| | ) | CIV-25-1447-SLP |
| CHANCE EVERETT REESE, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

On December 3, 2025, Patrisha Reese, on behalf of Chance Everett Reese, submitted the following Motions: (1) Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. No. 111][1]; (2) Next Friend Petition [Doc. No. 112]; (3) Motion for Government to Request FOIA Records from Bureau of Prisons Regarding Inmate Status [Doc. No. 113], and; (4) Motion for Leave to File Electronically [Doc. No. 114].

There is no indication that Ms. Reese is an attorney and she has not filed an entry of appearance even if she's a licensed attorney. *See* LCvR 83.4 ("An attorney appearing for a party in a civil case shall enter an appearance by signing and filing an entry of appearance on the form prescribed by the clerk of this court. This entry of appearance shall include a certification that the attorney is admitted to practice in this court."); LCrR57.4 ("An attorney appearing for . . . the defense in a criminal case shall enter an appearance by

---

[1] Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is [Doc. No. 1] in the corresponding civil filing, Case No. 25-CV-1447-SLP.

signing and filing an entry of appearance on a form prescribed by the clerk of this court"). Ms. Reese, if she is not attorney, cannot represent Defendant or submit filings on his behalf. *E.g.*, *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) ("Because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause; rather, a person must be litigating an interest personal to him"). The Supreme Court has recognized a limited exception where a "next friend" may bring an action on behalf of an individual. *See Whitmore v. Arkansas*, 495 U.S. 149, 162-63 (1990). However, the Tenth Circuit has held that if a "next friend" elects to bring a suit on behalf of an individual, they must be represented by counsel themselves. *See Bunn v. Perdue*, 966 F.3d 1094, 1098 (2020) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citations omitted); *see also, e.g., Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) (denying non-attorney parent from bringing suit as next friend of child if not represented by attorney themself).

Furthermore, Defendant's appellate counsel, Ms. Wendy Curtis Palen, has not yet withdrawn from the representation of Defendant. *See* Entry of Attorney Appearance [Doc. No. 97]. Ms. Palen has not entered an appearance on behalf of Ms. Reese. As such, Defendant may not appear pro se and Ms. Reese cannot proceed in her "next friend" capacity at this time.

Accordingly, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. No. 111], Next Friend Petition [Doc. No. 112], Motion for Government to Request FOIA Records from Bureau of Prisons Regarding Inmate Status [Doc. No. 113], and Motion for Leave to File Electronically [Doc. No. 114] are

STRICKEN without prejudice to refiling.

IT IS SO ORDERED this 8th day of December, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE